UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**LAMON DERON WATKINS**
        Movant/Defendant

                                    **Civil Action No. 5:11CV-00161-R**

**v.**                              **Criminal Action No. 5:09CR-00015-17-R**

**UNITED STATES OF AMERICA**
        Respondent/Plaintiff

**MEMORANDUM OPINION AND ORDER TO EXPAND THE RECORD
AND ESTABLISH A SUPPLEMENTAL BRIEFING SCHEDULE**

The movant has filed a *pro-se* motion attacking sentence pursuant to 28 U.S.C. § 2255 (Docket Entry No. 816). This matter is before the court upon the respondent's motion to dismiss (Docket Entry No. 822), to which the movant has not responded in opposition. This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636. For the reasons stated below, additional information is needed before a report and recommendation can be entered, and the respondent is ordered to expand the record as specified in this order.

## Procedural History

The Grand Jury indicted the movant for conspiracy to knowingly and intentionally distribute more than fifty grams of a substance containing crack cocaine on or about June 1, 2009, and this Court sentenced him to ten years on September 13, 2010. The Fair Sentencing Act (FSA) went into effect on August 3, 2010, and amended 21 U.S.C. § 841(b)(1)(A) to increase the amount of crack cocaine needed to trigger the ten-year mandatory minimum to 280 grams. Prior to the FSA, the movant faced a mandatory minimum sentence of ten years. If the FSA applies, the movant would have faced a mandatory minimum sentence of five years.

The Sixth Circuit has established that the FSA does not apply to individuals sentenced prior to August 3, 2010.  See *United States v. Carradine*, 621 F.3d 575 (6th Cir., 2010).  Although the Sixth Circuit has not addressed the matter, other circuit courts of appeal and the district courts within the Sixth Circuit are split on the issue of whether the FSA applies in "pipeline cases" such as this one where the conduct occurred before August 3, 2010, but the sentencing occurred after August 3, 2010.   See *United States v. Bryant*, 2011 WL 5245252 (E.D.Ky.) (noting that "[c]omplicating matters, on July 15, 2011 ... , the Office of the Attorney General issued a 'Memorandum for all Federal Prosecutors' directing United States Attorneys to argue that the FSA applies to all criminal prosecutions in which the sentence was imposed on or after August 3, 2010, the date of enactment, regardless of when the offense conduct took place").

The movant pled guilty, presumably pursuant to an oral plea agreement, at a change of plea hearing that occurred on June 21, 2010.  The movant executed a written plea agreement on August 9, 2010, agreeing to a sentence of ten years.  The plea agreement specifically stated that the charge against the movant "carries a minimum term of imprisonment of ten years."  The plea agreement further provided that the movant "knowingly and voluntarily" waived his right to appeal or file a motion under 28 U.S.C. § 2255 (copy at Docket Entry No. 495).

### The Movant's Second and Third Claims

The movant presents three claims.  His second and third claims allege that counsel was ineffective in "negotiating the plea and waiver" and at sentencing.  In its motion to dismiss the § 2255 motion, the respondent relies upon the above "waiver of § 2255" language of the written plea agreement.  Generally, waiver of the right to collaterally attack a conviction and sentence is

enforceable if it was knowingly, intelligently, and voluntarily made. *Davila v. United States*, 258 F.3d 448, 450-451 (6th Cir., 2001). Hence, when a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255. Id. According to the authorities cited in *Bryant*, supra, five years was arguably the movant's statutory minimum sentence. Hence, it is not apparent that the movant knowingly, intelligently, and voluntarily pled guilty and executed the written plea agreement, waiving his right to appeal or file a § 2255 motion, in exchange for what the plea agreement stated to be a ten-year statutory minimum sentence. In any event, we are unable to determine whether the guilty plea and waiver were knowingly, intelligently, and voluntarily entered due to the absence of a transcript of the change of plea hearing.

### The Movant's First Claim

The movant first claims that his attorney failed to appeal his sentence based on the FSA despite his express instruction to do so (Docket Entry No. 816, p. 7) *(emphasis added)*:

> Counsel failed to file Notice of Appeal after I instructed he do so concerning my sentence in excess of the new statutory **maximum**. After I was sentenced I instructed counsel to file a Notice of Appeal to appeal the fact the Fair Sentencing Act of 2010 changed my statutory **maximum** to that of 5 years instead of 10 years that I received.

In light of his *pro-se* status, it is apparent that the movant is referring to the statutory changes that arguably affected his minimum, not his maximum, sentence.

The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Although the Sixth Circuit has not addressed the matter, other courts have interpreted the foregoing principle as trumping any provision of a plea

agreement waiving the right to bring a direct appeal and § 2255 motion, regardless of whether it was entered in a voluntary, knowing, and intelligent manner.  See *Sarlog v. United States*, 422 Fed.Appx. 399, 2011 WL 63599 (6th Cir.) and *Sanders v. United States*, 2008 WL 4499996 (W.D.Ky., 2008).  Therefore, the United States' position on this legal issue would be helpful to a determination of its motion to dismiss.  The United States is also invited to expand the record to address the issue of whether the movant expressly directed his attorney to file an appeal.

Therefore, pursuant to Rule 7 of the Rules Governing Section 2255 Proceedings for the United States District Courts, within thirty (30) days of entry of this Order:

1.  The United States shall expand the record to include transcripts of the hearings held on June 21, 2010, August 9, 2010, and September 13, 2010, and any other probative evidence that appears to be relevant to a resolution of the issues presented by the § 2255 motion and motion to dismiss.

2.  The United States shall submit a supplemental memorandum analyzing the movant's three claims within the legal framework of *Bryant*, *Sarlog* and *Sanders*, supra, and with page references, where appropriate, to the ordered transcripts.  In addition, it would be helpful for the United States to distinguish the authorities cited in those cases that might appear to undermine its position.

3.  The United States shall certify service on the defendant of all materials submitted to the court in compliance with this order and a copy of the *Bryant*, *Sarlog*, and *Sanders* opinions.

4.  Within thirty (30) days thereafter, the defendant may admit or deny the correctness of any materials submitted by the United States.  The petitioner's failure to admit or deny the correctness of any materials within ten (30) days shall be deemed an admission.  In addition, the defendant shall have thirty (30) days to submit a memorandum in response to the United States' supplemental memorandum.